**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ARBORWORKS, LLC,**

**Plaintiff,**

**v.** **Case No. 8:26-cv-00486-WFJ-AEP**

**DAVID AUSBURN &**
**STEPHANIE WATSON,**

**Defendants.**

**________________________________________/**

**TIME-SENSITIVE MOTION BY NON-PARTY CERES ENVIRONMENTAL SERVICES, INC. TO MODIFY THE COMPLIANCE DATE OF PLAINTIFF'S SUBPOENA**

Non-party Ceres Environmental Services, Inc. ("Ceres") moves pursuant to Federal Rule of Civil Procedure Rule 45 to modify the September 8, 2026 compliance date in the Notice of Deposition Duces Tecum of Corporate Representative (the "Subpoena") served by Plaintiff ArborWorks, LLC ("ArborWorks" or "Plaintiff") on August 24, 2026. Given the rapidly approaching September 8 deadline, and Plaintiff's failure to meaningfully and timely discuss an extension of the compliance date, Ceres seeks a time-sensitive order, under Local Rule 3.01(f), modifying the compliance date pursuant to Rule 45(d)(3)(A)(i) of the Federal Rules to September 28, 2026. In the alternative, Ceres requests a protective order under Rule 26(c) of the

Federal Rules of Civil Procedure specifying that Ceres need not produce a corporate representative on September 8, 2026, and staying the compliance date until September 28, 2026. Pursuant to Local Rule 3.01(f), Ceres requests a ruling on this motion by Wednesday, September 2, 2026.

The Subpoena demands testimony from non-party Ceres on seven extensive topics and seeks the production of ten broad categories of documents. The current September 8 compliance date fails to allow Ceres a reasonable time to comply with the Subpoena, nor does it afford Ceres sufficient time to confer with Plaintiff about the Subpoena, including its scope.

Granting an extension to September 28, 2026 will allow Ceres sufficient time to confer with Plaintiff about the Subpoena, including its scope, to potentially avoid the need for further Court intervention, or, if that is not possible, will allow Ceres to properly prepare and timely file any additional motion that may be necessary to obtain relief from the Court in connection with the Subpoena.

## Background

On August 24, 2026, Ceres, a non-party to this action, accepted service of Plaintiff's Subpoena, which demands deposition testimony from a Ceres corporate representative and the production of documents on September 8, 2026. Ex. A. The Subpoena seeks a broad swath of testimony, including by way of example: "all information" regarding Ceres's hiring process for Mr. Ausburn

(Topic 1), "all information" that Mr. Ausburn may have disclosed to any of Ceres's hundreds of employees about ArborWorks, whether confidential or not (Topic 3), and "all information" regarding any internal Ceres evaluations or assessments of Mr. Ausburn regardless of a connection to Mr. Ausburn's alleged use of Plaintiff's confidential information (Topic 4). Ex. A at Exhibit 2.

The Subpoena similarly demands Ceres produce ten broad categories of documents, such as sweeping requests for: all documents pertaining to Mr. Ausburn's hiring, including references, drug screenings, and criminal background checks (Request 1), full compensation records, including paystubs, payroll records, and W-2 or 1099 forms (Request 4), and all documents pertaining to a legally privileged internal investigation Ceres conducted—with the assistance of outside counsel—after Plaintiff notified Ceres of concerns regarding Mr. Ausburn's potential use of allegedly confidential information belonging to ArborWorks (Request 9). Ex. A at Exhibit 3. The Subpoena's definition of "Confidential Information" is expansive. Ex. A at "Definitions."

Plaintiff unilaterally selected September 8 as the compliance date: one day more than the fourteen-day minimum notice required under Local Rule 3.04. On Wednesday, August 26, counsel for Ceres requested by email that Plaintiff agree to extend the compliance date to October 5, considering both the

breadth of the Subpoena and counsel's schedule.[1] Ex. B. Plaintiff did not respond. *Id.* The next day, August 27, 2026, counsel for Ceres again reached out to Plaintiff both by phone and email regarding the requested extension. *Id.* Plaintiff did not respond. *Id.* Counsel for Ceres made yet another attempt to contact Plaintiff both by phone and email on August 28. *Id.*

Plaintiff finally responded by email the evening of August 28, refusing to extend the compliance date to October 5. Ex. C. Plaintiff stated that it was willing to "grant a reasonable extension to the extent one is actually needed, if and when you request one." *Id.* When Ceres then suggested a shorter extension until September 28, 2026, Plaintiff did not respond. As of the filing of this motion, Plaintiff has not agreed to the requested extension or provided an alternative date to which it would agree.

Given that Ceres sought to engage with Plaintiff's counsel unsuccessfully for three days and because the compliance date is imminent, Ceres is left with no choice but to file this time-sensitive motion.

## **Argument**

Under Rule 45, the Court must modify a subpoena that "fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A)(i). The Local Rules set the floor of what constitutes a "reasonable time" at fourteen days. L.Civ.R.

---

[1] Undersigned counsel will be traveling internationally from Friday, September 4 through and including Monday, September 7, 2026.

3.04. Clearing the fourteen-day floor does not end the inquiry. *See In re Rule 45 Subpoena to Fid. Nat. Info. Servs., Inc.*, No. 3:09-MC-29-J-25TEM, 2009 WL 4899399, at *1 (M.D. Fla. Dec. 11, 2009). Much like this case, *Fidelity* involved a subpoena for documents and corporate testimony served on a non-party. Even though the compliance date cleared the "presumptively reasonable" fourteen-day minimum, the court extended the non-party's time to both produce documents and put up a corporate witness by more than 30 days based on the totality of the circumstances. *Id.* at *2.

If anything, the circumstances requiring an extension are even more pronounced here. While the Subpoena nominally clears the minimum by one day, fifteen days does not reflect a reasonable amount of time for Ceres—a non-party—to fairly evaluate seven extensive deposition topics and ten broad document requests, several of which implicate nuanced privilege issues and Ceres's own commercially sensitive information. It is not a reasonable amount of time for Ceres to confer with Plaintiff about the need for the Subpoena to pursue Plaintiff's claims against Defendants in this case, the scope of the Subpoena, identify a corporate representative to serve as a witness, prepare that corporate representative for testimony, and conduct a reasonable search for responsive documents, all while evaluating whether the Subpoena warrants formal relief from this Court. Further, it is not a reasonable amount of time given undersigned counsel will be out of the country from September 4

through September 7, 2026. Under these circumstances, a modification of the compliance date is warranted.

Ceres sought agreement from Plaintiff for a modest extension of the compliance date. Ex. B & C. Plaintiff refused. *Id.* In other words, not only did Plaintiff afford Ceres the bare minimum amount of response time allowed under the Local Rules, but it has refused to meaningfully discuss the possibility of enlarging it. That too is reason to grant this motion. *See Fid. Nat. Info. Servs., Inc.*, 2009 WL 4899399, at *1-*2 (granting extension in part because plaintiff's counsel's refusal to extend the time was "not reasonable").

The relief Ceres seeks is narrow. As Ceres has already advised Plaintiff, Ceres will serve its formal objections and responses by the deadline under Rule 45(d)(2)(B). It simply needs a brief extension to allow it to properly evaluate the expansive Subpoena, meet and confer with Plaintiff regarding the Subpoena, including its scope, and, if necessary, pursue further relief from the Court in the event efforts to confer with Plaintiff about the Subpoena are not successful.

## **Conclusion**

For the foregoing reasons, Ceres respectfully requests that the Court order that Ceres need not produce a corporate representative on September 8, 2026, and modify the compliance date in the Subpoena from September 8, 2026 to September 28, 2026.

August 31, 2026

Respectfully submitted,

*/s/ Marcos E. Hasbun*
Marcos E. Hasbun
Florida Bar No. 0145270
mhasbun@zuckerman.com
Zuckerman Spaeder LLP
101 E. Kennedy Blvd., Suite 1200
Tampa, FL 33602
(813) 221-1010

Counsel for Non-Party Ceres Environmental Services, Inc.

## Local Rule 3.01(g) Certification

Undersigned counsel certifies that counsel attempted to confer with counsel for Plaintiff by email on August 26, August 27, and August 28, and by phone on August 27 and August 28 regarding the relief sought in this motion. Plaintiff's counsel did not respond to Ceres's initial request to extend the compliance date to October 5, 2026, until the evening of August 28. Plaintiff's counsel refused the request but stated it would grant a "reasonable extension to the extent one is actually needed, if and when you request one." Ex. C. Undersigned counsel then requested a shorter extension to September 28, 2026. As of the date of this motion, Plaintiff has not responded to that request or otherwise agreed to any extension.

*/s/ Marcos E. Hasbun*
Marcos E. Hasbun

**CERTIFICATE OF SERVICE**

I CERTIFY that on August 31, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that I served a true and correct copy of the foregoing VIA E-MAIL on the following:

Stephanie Watson (hobie1997@att.net)

and

David Ausburn (tree316@yahoo.com)

*/s/ Marcos E. Hasbun*
Marcos E. Hasbun