# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ARBORWORKS, LLC,**

**Plaintiff,**

**v.** **Case No: 8:26-cv-00486-WFJ-AEP**

**DAVID AUSBURN AND STEPHANIE WATSON,**

**Defendants.**
______________________________________/

## NOTICE OF DEPOSITION DUCES TECUM OF CORPORATE REPRESENTATIVE OF CERES ENVIRONMENTAL SERVICES, INC.

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. Proc. 30(b)(6), before an officer fully authorized by law to take depositions, the following deposition will be taken at the time and place designated below:

**DEPONENT:** Rule 30(b)(6) Corporate Representative of Ceres Environmental Services, Inc.

**DATE & TIME:** September 8, 2026 @ 11:00 a.m. ET

**PLACE & FORMAT:** Counsel, parties, the court reporter, and deponent will all appear for this deposition remotely via videoconference.

The deposition will be taken upon oral examination before a notary public or officer who is authorized by law to take depositions in the State of Florida. The deposition will continue until completed.

The deponent is instructed to bring to the deposition all items requested in **Exhibit 3** to this Subpoena.

This deposition is being taken for the purpose of discovery, for use at trial, or for any other purposes permitted by the Federal Rules of Civil Procedure.

DATED: August 24, 2026.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART P.C.**

*/s/ J. Alexander Dattilo*
J. Alexander Dattilo, Esq. (*pro hac vice*)
Arizona Bar No. 030112
alexander.dattilo@ogletree.com
Esplanade Center III
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
T: (602) 778-3754; F: (602) 778-3750

Caren S. Marlowe, FBN: 514586
caren.marlowe@ogletree.com
100 North Tampa Street, Suite 3600
Tampa, Florida 33602
T: (813) 289-1247; F: (813) 289-6530
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 24, 2026, the foregoing was on the following: filed with the Clerk of Court via CM/ECF, and I served a true and correct copy of the foregoing VIA E-MAIL:

Stephanie Watson
hobie1997@att.net

David Ausburn
tree316@yahoo.com

/s/ J. Alexander Dattilo
*Attorney for Plaintiff*

**EXHIBIT 1**
**INSTRUCTIONS & DEFINITIONS APPLICABLE TO SUBPOENA DUCES TECUM**

Instructions:

1. In providing the documents described herein, produce all documents available to you, regardless of whether these documents are possessed directly by you, or by your attorney, employer, employees, agents, investigators, or other representatives.

2. If any of these documents cannot be produced in full, produce to the fullest extent possible, and specify the reasons for your inability to produce the remainder while stating whatever information, knowledge, or belief you have concerning the substance of the contents of any unproduced documents.

3. If any document or thing that is requested once existed, but no longer exists, you must state this while specifying for each document or thing: (a) the type of document or thing, (b) the information contained therein, (c) the date upon which the document or thing ceased to exist, (d) the circumstances that caused the document or thing to cease to exist, and (e) the identity of each person who has knowledge or who had knowledge of the contents thereof.

4. To the extent that any request is objected to, you are instructed to set forth all reasons for such objection. If any objection is made only to part of a particular request, this part must be so specified, and documents responsive to all other parts of the request must be produced. **With respect to any document that you claim is privileged or otherwise immune from production, you must describe each document in your response as follows: (a) the document's date, (b) its title, (c) the identity of each person who prepared or wrote the document, (d) the identity of each person who received the document, (e) the type of document (*e.g.*, memorandum, letter, etc.), (f) the subject matter of the document and the request to which the document is responsive, (g) the type of privilege claimed, and (h) all factual and legal bases for the claimed privilege**.

5. The singular form of any word shall include the plural, the masculine form of any word shall include the feminine, and the words "and" and "or" shall be construed both conjunctively and disjunctively.

6. This request is intended to be continuing, requiring you to produce whatever documents responsive to this request that you may subsequently become aware of or obtain.

Definitions:

1. The terms "you," "your," and "Ceres" each mean Ceres Environmental Services, Inc., and all persons acting or purporting to act on its behalf, including any of its agents, employees, attorneys, accountants, and investigators.

2. "ArborWorks" means ArborWorks, LLC and all persons acting or purporting to act on its behalf, including any of its agents, employees, attorneys, accountants, and investigators.

3. "Confidential Information" refers to any of ArborWorks' trade secrets or its sensitive, proprietary, and/or confidential documents, data, or information, including without limitation: the identities, contacts, and needs of any customer(s) of ArborWorks (regardless of whether Ceres had any pre-existing relationship with said customer(s)); ArborWorks'

business strategies, efforts, and workups; ArborWorks customer RFPs; ArborWorks' field estimations; internal maps of work locations (including for electrical power grid lines); internal pricing workbooks; final bid submissions; contracts; and/or information related to any of the foregoing.

4. "Document" or "documents" include, but are not limited to, the following items in the possession, custody or control of Ceres and/or any of its agents, representatives, or other persons acting or purporting to act on its behalf, whether such items are typed, printed, recorded, reproduced by any mechanical process, copies or written by hand: contracts; communications; correspondence; e-mails and/or all records of e-mails; electronic messages; memoranda; statements; records; reports; books; summaries and/or records of telephone conversations and/or telephonic communications (including but not limited to communications by telephone, pager, cellular phone, or facsimile); summaries and/or records of personal conversations; diaries; forecasts; orders; bills; invoices; checks; statistical statements; studies; graphs; charts; indexes; data sheets; data processing cards; analytical records; computer discs, computer tapes, computer hard drives or other computer format; minutes and/or records of meetings and conferences; reports and/or summaries of interviews; reports and/or opinions of consultants; records, reports and/or summaries of negotiations; brochures; lists; periodicals; pamphlets; circulars; trade letters; newspaper clippings; press releases; notes; drafts of documents; copies; marginal notations; photographs; drawings; tape recordings; letters; and all other written, printed, recorded or graphic matter or sound reproductions, however produced or reproduced.

5. "Possession, custody, or control" includes the joint or several possession, custody or control not only of the individual to whom this request is addressed, but also the joint or several possession, custody or control by each present or former agent of the individual, whether an attorney, employee, agent, sponsor, spokesperson, investigator, or representative.

6. "Person" encompasses the singular and plural of any natural person, firm, corporation, partnership, proprietorship, joint venture, organization, group of natural persons, or other association, including all agents, representatives, and employees.

7. "Related to," "relating to," "concerning," "in connection with," "connected with," "pertaining to," and "reflecting," when used to refer to a relationship between a document, fact, event, or other tangible or intangible concept or relationship and some other matter stated in this "Attachment A" to the Subpoena Duces Tecum, shall include any such document, fact, event or other tangible or intangible concept or relationship, which could, when interpreted in a reasonable manner, be viewed to have any bearing upon or relationship to the matter stated whether direct or indirect, and which is within the scope of discovery as defined in the Federal Rules of Civil Procedure.

8. "Communication" means any written or oral statement, dialogue, colloquialism, discussion, conversation or agreement.

**EXHIBIT 2**
**CORPORATE REPRESENTATIVE DESIGNATION**

This **EXHIBIT 2** is subject to and incorporates instructions and definitions of **EXHIBIT 1** herein.

Produce for the deposition a corporate representative who can testify about matters known or reasonably available to the organization in accordance with Fed. R. Civ. Proc. 30(b)(6) – hereinafter, the "Corporate Representative." Fed. R. Civ. P. 30(b)(6) provides in pertinent part:

> (6) In the notice a party may name as the deponent a public or private corporation, a partnership or association, or a governmental agency, and designate with reasonable particularity the matters on which examination is requested. The organization so named must designate one or more officers, directors, or managing agents, or other persons who consent to do so, to testify on its behalf and may state the matters on which each person designated will testify. The persons so designated must testify about matters known or reasonably available to the organization. This subdivision does not preclude taking a deposition by any other procedure authorized in these rules.

The Corporate Representative shall be the person(s) designated to testify about matters known or reasonably available to the organization, as reflected in the topics listed below documents requested in **EXHIBIT 3** that speak to information covered by said topics:[1]

1. All information regarding the hiring process for David Ausburn (SSN: XXX-XX-3638), including the names of any Ceres employees who communicated with him on or before the date when Ceres extended to Mr. Ausburn an offer of employment.

2. All information regarding the terms of Mr. Ausburn employment with Ceres, including his date of hire, job title, job description and responsibilities, and terms of compensation.

3. All information that Mr. Ausburn disclosed to any Ceres employee regarding ArborWorks and/or any ArborWorks customers during his employment with Ceres, including but not limited to: (1) Excel; (2) Duke Energy; (3) Florida Power and Light; (4) Southern California Edison; and (5) DMEA.

4. All information pertaining to any of Ceres' evaluations, assessments, disciplinary action(s), and/or decisions regarding separation of employment for Mr. Ausburn and all reasons underlying and facts relating to any such decision, including but not limited to the content of discussions among management regarding whether Mr. Ausburn would be allowed to remain employed with Ceres.

5. All information regarding Ceres' investigations of any complaints, grievances, or claims made by, about, or against Mr. Ausburn and the resolutions of any such investigation(s), including but not limited to investigations of: (1) allegations and information disclosed to Ceres by ArborWorks (including but not limited to allegations and information disclosed in letters from ArborWorks' counsel dated February 3, 2026 and June 18, 2026); and/or (2) Mr. Ausburn's use and/or disclosure during his employment with Ceres of Confidential Information belonging to ArborWorks.

---

[1] Unless stated otherwise, the topics for which testimony will be sought concern events that occurred during the period of January 1, 2026 to the present.

6. All information regarding Ceres' efforts to solicit work from any ArborWorks' customers at any point since Ceres hired Mr. Ausburn, including but not limited to the following entities: (1) Excel; (2) Duke Energy; (3) Florida Power and Light; (4) Southern California Edison; and (5) DMEA

7. All documents requested in **EXHIBIT 3** and all information relating thereto that relates in whole or in part to any of the topics listed in this **EXHIBIT 2**.

**EXHIBIT 3**
**DOCUMENTS TO BE PRODUCED**[2]

This **EXHIBIT 3** is subject to and incorporates instructions and definitions of **EXHIBIT 1** herein.

Produce all Documents in your possession, custody, or control that are responsive to any of the categories of documents listed below, all of which pertain to **David Ausburn's** (SSN: XXX-XX-3638) employment with Ceres:

1. Documents discussing, addressing, reflecting, referring to, or pertaining to David Ausburn's hiring, candidacy for employment, and job interview(s) or pre-employment calls with Ceres, including his job application, resume, interview notes, references, and job verification inquiries (including but not limited to any criminal background checks and drug screenings), and all internal and external communications regarding any aspect of the hiring process for Mr. Ausburn.

2. Documents discussing, addressing, reflecting, referring to, or pertaining to the terms of Mr. Ausburn's employment, including personnel records identifying his date of hire, job title, and job description and responsibilities.

3. Documents reflecting Mr. Ausburn's work schedule, including records identifying the dates of his employment.

4. Documents reflecting or pertaining to Mr. Ausburn's compensation, including any offer letters, payroll records, paystubs, W-2 or 1099 forms, and any other documents relating to benefits and other forms of compensation provided to Mr. Ausburn.

5. Documents pertaining to Mr. Ausburn's job performance, including formal or informal performance evaluations, assessments, disciplinary actions, and/or memoranda or notes discussing his relationships with customers, his relationships with potential customers, or his use or knowledge of any Confidential Information of ArborWorks.

6. Documents relating or pertaining to Mr. Ausburn's termination in any way, including but not limited to documents that state whether it was voluntary or involuntary, the reason(s) for his termination, and whether or not he is eligible for rehire with Ceres.

7. Documents reflecting any complaints, grievances, or claims made by, about, or against Mr. Ausburn, including those relating in any way to allegations made by ArborWorks in any communications to Ceres from January 2026 to the present, any investigation(s) into said allegations, and the resolution of any such investigation(s).

8. Documents discussing, reflecting, referring to, or pertaining to any communications from or requests for disclosure made by ArborWorks to Ceres at any point from January 2026 to the present, including but not limited to ArborWorks' counsel's letters dated February 3, 2026 and June 18, 2026, and any other such letters or emails.

9. Documents discussing, addressing, reflecting, referring to, pertaining to, or memorializing any investigation(s) by Ceres into whether or not Mr. Ausburn used or disclosed any

[2] Unless stated otherwise, all document requests apply to the period of January 1, 2026 to the present.

Confidential Information of ArborWorks, regardless of whether any such investigation(s) concerned the transmission of electronic document(s) containing Confidential Information.

10. Documents discussing, addressing, reflecting, referring to, pertaining to, or memorializing any payment(s) made to Ceres, at any point from January 2026 to the present, by any ArborWorks customers whom Mr. Ausburn solicited during his employment with Ceres, whether directly or indirectly, including but not limited to the following entities: (1) Excel; (2) Duke Energy; (3) Florida Power and Light; (4) Southern California Edison; and (5) DMEA.

*You must produce all documents and things responsive to any of the above-listed requests that exist as of the date on which you respond to this Subpoena Duces Tecum.*